```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DOREEN MAYNARD,                      :
                                     :
    Plaintiff,                       :
                                     :
v.                                   :     CASE NO. 3:15cv483(RNC)
                                     :
STONINGTON COMMUNITY CENTER,         :
                                     :
    Defendant.                       :

<u>ORDER ON MOTION TO STRIKE</u>

Defendant, Stonington Community Center, deposed <u>pro se</u> plaintiff Doreen Maynard on February 11, 2016. (Doc. #89-2.) Plaintiff submitted a five-page errata sheet reflecting a substantial number of changes to the deposition transcript. (Doc. #89-2.)  Plaintiff appears to have two objectives: (1) to change the form and substance of her testimony; and (2) to list her objections to purported "badgering and bullying" by defendant's counsel. (Doc. #89-2.)  Defendant moves to strike the errata sheet because plaintiff seeks to make improper substantive changes to her testimony. (Doc. #89.)  For the following reasons, defendant's motion is GRANTED IN PART and DENIED IN PART.

   I.   <u>Changes to Form and Substance</u>

Federal Rule 30(e) allows a deponent to review the deposition transcript and, "if there are any changes in form or

substance, to sign a statement listing the changes and the reasons for making them."

"The circuits are split as to the scope of permissible changes that may be made to a deposition transcript under Rule 30(e) . . . . Some courts have held that the only changes permitted by Rule 30(e) are non-substantive in nature, such as the correction of typographical or spelling errors . . . . Other courts, including the Second Circuit, have allowed deponents to make any change, in form or substance, to their deposition transcript." N. Trade U.S., Inc. v. Guinness Bass Imp. Co., No. 3:03-CV-1892 (CFD)(TPS), 2006 WL 2263885, at *2 (D. Conn. Aug. 7, 2006) (citations omitted). Specifically, the Second Circuit has explained that, "the language of the Rule places no limitations on the type of changes that may be made . . . nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes, even if those reasons are unconvincing." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997) (citations and internal quotation marks omitted). As a practical matter,

> when a party amends [her] testimony under Rule 30(e), [t]he original answer to the deposition questions will remain part of the record and can be read at the trial . . . . Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made . . . . [B]ecause [a]ny out-of-court statement by a party is an

2

>     admission, a deponent's original answer should [be]
>     admitted [into evidence] even when [she] amends [her]
>     deposition testimony—with the deponent [o]f course . .
>     . free to introduce the amended answer and explain the
>     reasons for the change.

Id. (citations and internal quotation marks omitted).

    The changes to the form and substance of plaintiff's deposition testimony, set forth on pages 1 through 3 of her errata sheet (doc. #89-2, pp. 4-6), are permissible.  These changes, however, "will not have the effect of replacing or deleting any of her deposition testimony."  Thompson v. Workmen's Circle Multicare Ctr., No. 11 CIV. 6885 (DAB)(HBP), 2015 WL 4591907, at *6 (S.D.N.Y. June 9, 2015); see also 7 Moore's Federal Practice § 30.60[3] (2015) ("Although it is unseemly to see a deponent 'rewriting' deposition testimony, the prior (presumably less advantageous) testimony is not expunged from the record.").  Rather, her "changed answers become part of the record generated during discovery."  Podell, 112 F. 3d at 103; N. Trade U.S., 2006 WL 2263885, at *2 ("[T]he deponent may be cross-examined and impeached by any inconsistencies in [her] testimony . . . .  [T]he finder of fact may make a determination as to the credibility of the deponent, thus reducing the risk that the record can be manipulated . . . .  For this reason, there will be no prejudice to the defendant if [plaintiff]'s changes are not stricken from the record.") (citations omitted).

II. <u>Plaintiff's Objections</u>[1]

Plaintiff's errata sheet also lists her objections to defendant's counsel's "badgering and bullying." Defendant responds that plaintiff should have raised her objections during the deposition and that they are not properly asserted in the errata sheet. Plaintiff insists that she did raise the objections at the deposition and that her errata sheet merely lists the "various kinds of 'objections' [she] had to make

---

[1] In her opposition, plaintiff asks the court to remove the deposition transcript from the docket because the information contained therein is confidential and not properly redacted. Plaintiff complains that defendant's counsel informed her that the transcript would be kept confidential, at least until trial. As an initial matter, review of the transcript reveals that defendant's counsel properly redacted any and all identifying information required by Federal Rule 5.2(a).

As to the core of plaintiff's request, Local Rule 5(f), citing Federal Rule 5(d), governs the filing of discovery materials and explains that "depositions . . . shall not be filed with the Clerk's Office except by order of the Court." D.Conn.L.Civ.R. 5(f)(1). The rule, however, provides an exception where a party seeks relief under any Federal Rule, but mandates that the party "shall file only that portion of the deposition . . . that is the subject of the dispute." <u>Id.</u>; <u>see also</u> Fed.R.Civ.P. 5(d) advisory committee's notes (2000 Amendment) (explaining that discovery materials must not be filed until they are "used in the proceeding," which "is to be interpreted broadly; any use of discovery materials in court in connection with a motion . . . should be interpreted as use in the proceedings."). Here, the deposition transcript is considered "used in the proceeding," because it was filed in connection with defendant's motion to strike plaintiff's errata sheet. Considering plaintiff's numerous changes and broad complaints concerning defendant's counsel's conduct during the deposition, the submission of less than the entire transcript would not have enabled the court to give full consideration to the parties' arguments in support of and in opposition to motion to strike.

4

during the deposition when [she] experienced bullying, badgering, confusing questions, questions that asked for opinion and speculation, and objections to questions that misrepresented facts." (Doc. #90, p. 4.)  Plaintiff does not seek to make additional changes to the transcript or assert new objections.

The court knows of no procedural vehicle that allows plaintiff to use an errata sheet to restate objections[2] she made during her deposition.  Accordingly, the court strikes pages 4 and 5 of plaintiff's errata sheet. (Doc. #89-2, pp. 2-3.)  See, e.g., Thompson, 2015 WL 4591907, at *5 (granting defendant's motion to strike without prejudice to plaintiff's right to renew at trial or summary judgment the objections in her errata sheet that defense counsel badgered her, certain questions were broad and unclear, and certain questions were asked and answered, explaining that "it is too late now to remedy any impropriety in the form of defendant's questions.").

III. Conclusion

For these reasons, defendant's motion to strike (doc. #89) is GRANTED IN PART and DENIED IN PART.

---

[2]With regard to plaintiff's complaints about defendant's counsel's conduct during the deposition, the court has reviewed the transcript and finds no instances of "bullying" or "badgering."  Defendant's counsel maintained a professional line of questioning, even in the face of plaintiff's frequent refusal to answer proper questions.

5

SO ORDERED this 17th day of May, 2016, at Hartford, Connecticut.

```
               _____/s/_____
               Donna F. Martinez
               United States Magistrate Judge
```