```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT
```

DOREEN MAYNARD,                 :
                                :
     Plaintiff,                 :
                                :
v.                              :     Case No. 3:15-cv-483 (RNC)
                                :
STONINGTON COMMUNITY CENTER,    :
                                :
     Defendant.                 :

                          RULING AND ORDER

Plaintiff Doreen Maynard, proceeding pro se, brings this action against her former employer, the Stonington Community Center, alleging discrimination and retaliation in violation of Title VII, the Age Discrimination in Employment Act, and the Connecticut Fair Employment Practices Act.  Pending are defendant's motion to dismiss the amended complaint in its entirety for failure to state a claim on which relief may be granted (ECF 46), and plaintiff's motion for judgment on the pleadings (ECF 91).  For the reasons that follow, both motions are denied.

I.   Background

The amended complaint alleges the following.  Plaintiff, a female, was 59 at the relevant time.  In August 2010, she began working for the Stonington Community Center ("COMO") as an assistant teacher at an elementary school.  She had three co-workers, all of them males under 40: Bryan Primett, Scott Algiers, and Alex Walker.  Suzanne Cutler was a supervisor, and

1

Jim Truscio served as Executive Director of COMO.

Not long after plaintiff began working in this position, she complained to Cutler about inappropriate conduct by co-workers. In September 2010, she complained to Cutler about Primett calling her derogatory names such as "grandma." Am. Compl. (ECF No. 44) at 13. Cutler responded that plaintiff was working with a "boys['] club" and should not be so "thin[] skinned." Id. Later that month, plaintiff again called Cutler to report Primett's name-calling. In December 2010, plaintiff sent an email to Cutler reporting that some students had complained about Primett's behavior toward them. Plaintiff also complained that Algiers and a custodian at the school had made false allegations about plaintiff stealing school construction paper and getting staff in trouble with the principal. Neither Primett nor Algiers was investigated or disciplined based on plaintiff's complaints.

On February 16, 2011, plaintiff complained via phone to Cutler and via email to Truscio that the father of a student had confronted her in an intimidating manner regarding statements she allegedly had made to his son about Primett. Plaintiff also complained to Truscio that Cutler had not responded to her previous complaints about misconduct by co-workers. That same day, Cutler suspended plaintiff effective immediately. The next day, Cutler and Truscio summoned plaintiff to a meeting and told her she would be suspended for another day pending an

investigation of complaints made by Primett and others.  The next school day (after a week-long winter break), plaintiff was called to another meeting with Cutler and Truscio and her employment was terminated.

II.  Discussion

   A.  Motion to Dismiss

Defendant's motion to dismiss pursuant to Rule 12(b)(6) requires the Court to assess the legal sufficiency of the allegations of the amended complaint.  To withstand the motion, the amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Conclusory allegations are not sufficient.  Id. at 678.  A pro se complaint is construed liberally and "interpreted to raise the strongest claims it suggests," but even "a pro se complaint must state a plausible claim for relief."  Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013).

The amended complaint attempts to plead claims for discrimination and retaliation in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Connecticut

Fair Employment Practices Act ("CFEPA") based on the termination of plaintiff's employment.[1]  Defendant argues that these claims should be dismissed because plaintiff has not alleged facts that give rise to an inference of discrimination.  I conclude that plaintiff has carried her minimal burden at this stage of the litigation.

   1.  Discrimination

A plaintiff asserting a discrimination claim must include in the complaint factual allegations that "give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).[2]  In determining whether a plaintiff has plausibly alleged discriminatory conduct, courts are to "be mindful of the 'elusive' nature of intentional discrimination." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248,

---

[1] The complaint includes several references to a "hostile work environment," but plaintiff states that this action is based only on the termination of her employment. See Pl's Resp. (ECF No. 47-1) at 4.

[2] While this formulation of the standard refers to Title VII claims, a "similar 'minimal' pleading standard" applies to plaintiff's ADEA claims. Johnson v. Andy Frain Servs., Inc., No. 15-1143, 2016 WL 210098, at *1 (2d Cir. Jan. 19, 2016).  In addition, a plaintiff alleging age discrimination under the ADEA must allege facts that suggest his or her age was a "but for" cause of the adverse employment action. Id. at *2.

255 n.8 (1981)).[3]

A plaintiff can raise an inference of discrimination by alleging that an employer made "invidious comments about others in the employee's protected group," or treated employees not in the protected group "more favorabl[y]." Littlejohn, 795 F.3d at 312. For an inference of discrimination to arise from more favorable treatment of employees outside plaintiff's protected group, the plaintiff must show that she was "similarly situated in all material respects" to the employees with whom she compares herself. Mandell v. Cty. of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003)(quoting Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). This standard is met when employees are "subject to the same workplace standards" and their "circumstances bear a reasonably close resemblance." Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014)(quoting Graham, 230 F.3d at 40). Indications that employees' circumstances are sufficiently similar include: reporting to the same supervisor, id.; engaging in misconduct of comparable seriousness, Risco v. McHugh, 868 F. Supp. 2d 75, 100-01 (S.D.N.Y. 2012)(citing Graham, 230 F. 3d at 40); and working in positions with similar job descriptions and responsibilities, Johnson v. Andy Frain Servs., Inc., No. 15-1143, 2016 WL 210098, at *2 (2d Cir. Jan. 19, 2016).

---

[3] The same standards apply to plaintiff's CFEPA claims. See Roman v. Velleca, No. 3:11CV1867 VLB, 2012 WL 4445475, at *7 (D. Conn. Sept. 25, 2012).

Accepted as true and construed liberally, the allegations of the amended complaint state a plausible claim for discrimination based on age and sex.  Plaintiff alleges that when she complained to Cutler, her supervisor, about derogatory comments by a younger male co-worker (who called her "grandma"), Cutler did not express disapproval of the comments.  Instead, she responded that plaintiff was working with a "boys['] club" and should not be so "thin[] skinned."  Am. Compl. (ECF No. 44) at 13.  Plaintiff alleges that her complaints of employee misconduct were treated differently than complaints of similar magnitude made by Primett and Algiers.  Plaintiff alleges that she complained to Cutler on several occasions regarding misconduct by Primett and Algiers, but Cutler took no action.  In contrast, when Primett and others made complaints about the plaintiff, management promptly investigated and ultimately relied on the complaints to terminate plaintiff's employment.  The amended complaint does not explicitly state that plaintiff was similarly situated to Primett and Algiers in all material respects, but it appears that all three worked at the same school in similar positions and reported to the same supervisor.  Taken together, these allegations are sufficient to support a claim of discrimination based on age and sex.  Consoli v. St. Mary Home/Mercy Cmty. Health, No. 3:13CV1791 JBA, 2014 WL 3849978, at *5 (D. Conn. Aug. 5, 2014) (holding that plaintiff stated discrimination claim when allegations included

defendant firing an older employee without disciplining a younger one after the two employees gave conflicting testimony regarding an incident); see also See Haggood v. Rubin & Rothman, LLC, No. 14-CV-34L SJF AKT, 2014 WL 6473527, at *11 (E.D.N.Y. Nov. 17, 2014) (noting that the inquiry at motion to dismiss stage is whether allegations make it "plausible that a jury could ultimately determine that the comparators are similarly situated").[4]

2. Retaliation

To state a claim for retaliation, a complaint must include allegations showing a causal connection between protected activity and an adverse employment action. See Littlejohn, 795 F.3d at 315-16. A causal connection can be shown "indirectly" by alleging that protected activity was "followed closely" by an adverse employment action.[5] Id. at 219; see also Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010). No bright line delineates the point at which the temporal relation between protected activity and adverse action becomes too

---

[4] That plaintiff has claimed discrimination on the basis of both age and sex does not preclude her from alleging that her age was the "but for" cause of her termination as required under the ADEA. See Fagan v. U.S. Carpet Installation, Inc., 770 F. Supp. 2d 490, 497 (E.D.N.Y. 2011).

[5] The "but for" causation standard that applies to retaliation claims does not alter a plaintiff's ability to show causation through temporal proximity. See Vega, 801 F.3d at 90-91.

7

attenuated to support a reasonable inference of causation.[6]  See Gorzynski, 596 F.3d at 110-11.

Defendant argues that plaintiff has failed to plead a plausible retaliation claim because she has not alleged facts showing a causal connection between her complaints and the termination of her employment.  I disagree.  According to the amended complaint, on February 16, 2011, plaintiff complained via phone to Cutler about alleged misconduct by Primett and others.  Cutler suspended plaintiff effective immediately.  Plaintiff emailed Truscio and complained that Cutler had responded to plaintiff's complaints by suspending her rather than investigating the alleged misconduct of others.  The next day, plaintiff was called to a disciplinary meeting with Cutler and Truscio, where she was suspended for another day while Cutler and Truscio investigated the complaints against her.  On the next school day, after a week-long school vacation, plaintiff was terminated during a meeting with Cutler and Truscio.  The reasons given for her termination included some of the allegations in the complaints made by her co-workers.

These allegations are sufficient to support a reasonable inference of a causal connection between protected activity and adverse action.  Plaintiff's complaints to management constitute

---

[6] As with discrimination claims, the federal standards governing retaliation claims also apply to plaintiff's claims under the CFEPA.  See Roman, 2012 WL 4445475, at *7.

protected activity.  See Littlejohn, 795 F.3d at 317 (noting that protected activity includes "informal protests of discriminatory employment practices," such as "complaints to management").  Even counting the school vacation, plaintiff was terminated less than two weeks after she complained.  This temporal proximity is sufficient to support a retaliation claim.  See Gorzynski, 596 F.3d at 110-11 (holding that plaintiff had shown causation where she was discharged within one month of voicing concerns about discriminatory conduct).

    B. Motion for Judgment On The Pleadings

    Plaintiff moves for judgment on the pleadings.  In support of the motion, she submits an extensive memorandum along with thirty exhibits exceeding 200 pages.  She argues there is no genuine issue of fact requiring a trial and judgment should enter in her favor.  Defendant opposes the motion on the ground that it is procedurally improper.  I agree that, at a minimum, the motion is premature.

    In moving for judgment on the pleadings, plaintiff relies on extensive exhibits.  To consider those materials, the Court would have to convert the motion to a motion for summary judgment.  If plaintiff wishes to move for summary judgment (which plaintiffs in discrimination cases rarely do), she must comply with the rules that govern such motions - Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56 - both of which contain

detailed provisions that aim to ensure fair and thorough consideration of the evidence supporting the parties' claims and defenses.

III. Conclusion

Accordingly, the motion to dismiss (ECF 46) and the motion for judgment on the pleadings (ECF 91) are denied.

If either party wishes to file a motion for summary judgment, they may do so on or before May 19, 2017.  No prefiling conference is necessary and the requirement of a prefiling conference is therefore waived.

If either party wants to have a settlement conference, a request for a conference can be made any time by contacting the chambers of Judge Martinez.

So ordered this 31st day of March 2017.

/s/
Robert N. Chatigny
United States District Judge